**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| OAKVIEW BUILDING CONSENSUS JOINT VENTURE, LLC., *et al.*,<br><br>                    Plaintiffs,<br><br>vs.<br><br>FIRST BANK,<br><br>                    Defendant. | Case No.: 2:10-cv-00117-HDM-PAL<br><br>**ORDER**<br><br>(M/Ext Order Deadlines - Dkt. #19) |

      The Court conducted a hearing on October 28, 2010 on Defendant's Motion to Extend Order Deadlines (Dkt. #19) (Second Request). Craig Newby appeared on behalf of the Plaintiff and William Urga appeared on behalf of the Defendant.

      The complaint in this case was filed January 27, 2010 and involves an action for breach of contract arising out of the "Luxe Lofts" project, a condominium loft unit construction project in Las Vegas Nevada, Nevada. Luxe Lofts obtained a loan from Defendant First Bank in the principle amount of $30,000,000.00 and contracted with Plaintiff Oakview Construction to act as a general contractor for the project. Luxe Lofts breached its obligation to First Bank which issued a notice of default in early 2009. At the time of default the construction project was not completed. However, Luxe Lofts had exhausted virtually all of the available funds from the First Bank loan. Luxe Lofts filed a Chapter 11 bankruptcy petition. First Bank successfully obtained a lift of the automatic stay provisions of the Bankruptcy Code to proceed with foreclosure on the property. The property was sold at a Trustee Sale on January 28, 2010. The Trustee's Deed reflects an unpaid debt of $33,830,707.57. The bankruptcy

proceeding was dismissed March 16, 2010.  The day before the foreclosure sale Plaintiff filed this action against First Bank alleging First Bank represented to the Plaintiff that sufficient funds remained to complete the project and that First Bank would continue to fund the project.  Plaintiff claims it is owed more than $4,000,000.00 in retention and change order work done on the project and has alleged claims for intentional misrepresentation, negligent misrepresentation, negligence, unjust enrichment and promissory estoppel.

The Defendant filed an Answer (Dkt. #9) March 18, 2010.  The parties did not conduct the Rule 26(f) conference or submit a proposed discovery plan and scheduling order as required by Local Rule 26-1(e).  Accordingly, on May 13, 2010 the court entered a Discovery Plan and Scheduling Order (Dkt. #12) requiring the parties to meet and confer as required by Rule 26(f) not later than May 26, 2010, and establishing a September 14, 2010 discovery cutoff with related case management deadlines consistent with the requirements of Local Rule 26-1(e).

On July 6, 2010 the parties submitted a Stipulation and Proposed Order (Dkt. #14) to extend the discovery plan and scheduling order deadlines indicating no discovery had been completed because the parties were attempting to resolve all issues and reach a settlement.  The parties requested a March 14, 2011 discovery cutoff.  The parties' stipulation did not provide a specific description of the discovery that is required or provide justification for more than twice the amount of time deemed presumptively reasonable by Local Rule 26-1 in which to complete discovery.  The court therefore denied the parties' request for a March 14, 2011 discovery cutoff and related case management deadlines in a written Order (Dkt. #15) entered July 8, 2010.  The order advised counsel for the parties that the court would extend the existing discovery plan and scheduling order deadlines by ninety days and expected the parties to diligently pursue discovery in an attempt to meet the extended deadlines.  The order also indicated that any request for an extension shall strictly comply with the requirements of Local Rule 26-4, be supported by a showing of good cause, and establish the diligence of counsel in attempting to meet the extended deadlines.  The order established a December 14, 2010 discovery cutoff.

The Motion to Extend (Dkt. #19) indicates that the parties initiated written discovery. Additionally, Defendant First Bank served subpoenas duces tecum on non-parties just prior to the filing of the motion.  Defendant began inspecting and copying documents made available by Oakview on

September 24, 2010 and October 1, 2010.  However, Oakview has not produced email correspondence after March 2009.  The parties have been discussing supplemental production of materials including email.  Counsel for Plaintiff proposed a Rule 502 "clawback" agreement to expedite production of email correspondence without preliminary privilege review.  Defendant has sent correspondence to counsel for Plaintiff seeking to resolve discovery disputes concerning the adequacy of Plaintiffs' responses to requests for production of documents.  Plaintiff identified 93 witnesses in its initial disclosure statement.  Plaintiff also identified 14 employees associated with the project who may need to be deposed.  Plaintiff identified 65 individuals associated with subcontractors or suppliers on the project.  Defendant anticipates the need for expert witnesses to testify regarding construction defects to support Defendant's affirmative defense.  However, to date Defendant has not retained an expert and is in the process of determining the need for experts.  Defendant proposes a May 16, 2011 discovery cutoff and related extensions of the case management deadlines.

The court rejected the parties' stipulation requesting a March 14, 2011 discovery cutoff because the parties had not complied with the requirements of Local Rule 26-4 and were requesting more than twice the amount of time to complete discovery deemed presumptively reasonable by Local Rule 26-1.  The order was explicit that the court would require the parties to diligently pursue discovery in an attempt to meet the extended deadlines, and that any request for an extension should strictly comply with Local Rule 26-4, be supported by a showing of good cause, and establish the diligence of counsel in attempting to meet the extended deadlines.   The parties have now requested 60 days beyond the dates originally requested by stipulation, and denied by the court.

The court finds Defendant has not shown good cause or diligence for the additional time requested, and the Motion to Extend (Dkt. #19) is denied.  The court will conduct a status and dispute resolution conference in approximately 30 days.  The court directed counsel to meet and confer in an effort to resolve their outstanding discovery disputes, or identify those issues on which they have reached an impasse.  The court also directed counsel to meet and confer concerning a proposed Rule 502 "clawback" agreement, and attempt to reach an agreement on the number of depositions each side may take in this case, and identify and schedule these deponents.  The court will conduct a status and
///

dispute resolution conference, resolve any outstanding discovery disputes and consider the parties' requests for adjustments to the extended discovery plan and scheduling order deadlines.

**IT IS ORDERED:**

1. Defendant's Motion to Extend Scheduling Order Deadlines (Dkt. #19) is **DENIED**.
2. A status and dispute resolution conference is set for **November 30, 2010 at 10:00 a.m.**.
3. The parties shall have until **noon November 29, 2010** in which to submit a joint status report which outlines the progress made in scheduling and completing discovery to date; any agreements reached with respect to the number of depositions each side may take in this case; any agreement reached with respect to a Rule 502 "clawback agreement"; and the status of the parties' document exchanges and review of documents. Additionally, the joint status report shall identify any discovery dispute(s); the parties' efforts to resolve the dispute(s) without court intervention; the parties' respective positions with respect to any such discovery dispute, and the relief requested from the court. The joint status report shall identify any discovery disputes with sufficient specificity to enable the court to resolve them without the necessity of formal briefing.

Dated this 1st day of November, 2010.

_____
Peggy A. Leen
United States Magistrate Judge