UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

```
OAKVIEW BUILDING CONSENSUS JOINT  )    2:10-cv-00117-HDM-GWF
VENTURE, LLC, and OAKVIEW         )
CONSTRUCTION, INC.,               )
                                  )    ORDER
            Plaintiffs,           )
                                  )
vs.                               )
                                  )
FIRST BANK,                       )
                                  )
            Defendant.            )
_____ )
```

Before the court is the defendant First Bank's ("defendant") motion for attorneys' fees and expert witness fees (#76). Plaintiffs Oakview Building Consensus Joint Venture and Oakview Construction ("plaintiffs") have filed their response (#82), and defendant has replied (#85).

Plaintiffs filed their complaint in this action on January 27, 2010. The complaint asserted five state law causes of action. On July 28, 2010, while discovery was ongoing and before any dispositive motions had been filed, defendant made plaintiffs an offer of judgment in the amount of Three Hundred Fifty Thousand dollars. The offer was made pursuant to Nevada Revised Statute §

1

17.115 and § 18.020.  (Def. Mot. Attorney's Fees Ex. 1).
Plaintiffs did not accept or otherwise respond to the offer before its expiration ten days later.

On October 23, 2012, the court granted the defendant's motion for summary judgment.  Thereafter, judgment was entered in favor of the defendant and against the plaintiffs.  The plaintiff did not appeal the judgment.  The defendant then filed the instant motion for attorneys' fees and expert witness costs.  Defendant seeks attorneys' fees in the amount of $217,407, incurred from the date of its offer of judgment to the date of entry of judgment, and expert witness fees in the amount of $235,205.62.

**I. Attorneys' Fees**

Federal Rule of Civil Procedure 54(d)(2) sets forth the procedure for obtaining an award of attorneys' fees in federal court.  It does not, however, provide the substantive basis for such an award.  Fees are recoverable only if there is a rule, statute, or contract that authorizes such an award.  *See MRO Commc'ns, Inc. v. Am. Tel & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

A motion under Rule 54(d)(2) must identify the basis for the requested award, and here, defendant identifies Nevada Revised Statutes § 17.115.  Section 17.115 provides that "[a]t any time more than 10 days before trial, any party may serve upon one or more other parties a written offer to allow judgment to be taken in accordance with the terms and conditions of the offer of judgment." *Id.* § 17.115(1).  If a party rejects an offer of judgment and fails to obtain a more favorable judgment, the court may order that party to pay the offeror's "[r]easonable attorney's fees incurred by the

2

[offeror] for the period from the date of service of the offer to the date of entry of the judgment." *Id.* § 17.115(4)(d)(3).

Where the "court is exercising its subject matter jurisdiction over a state law claim," a party may recover attorneys' fees under state law giving a right thereto if the law "reflects a substantial policy of the state" and "does not run counter to a valid federal statute or rule of court." *See MRO Commc'ns*, 197 F.3d at 1281 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975)). The Ninth Circuit has found attorneys' fees are properly awarded under Nevada's offer-of-judgment statutes and rules. *Id.*

The controlling case applicable to the facts of this case is *MRO Communications*. In that case, the Ninth Circuit held that a prevailing defendant could recover attorney's fees incurred after a rejected offer of judgment made pursuant to Nevada state law under Federal Rule of Civil Procedure 54(d)(2). *Id.* Here, defendant made an offer of judgment pursuant to Nev. Rev. Stat. § 17.115. The offer pertained to all of plaintiffs' claims, which consisted entirely of state law causes of action. Defendant made its offer of judgment more than ten days before trial. Plaintiffs rejected the offer but failed to obtain a more favorable judgment. Accordingly, under *MRO Communications* and § 17.115, defendant may recover reasonable attorney's fees.

Nevertheless, plaintiffs argue that under *Goldberg v. Pacific Indemnity Company*, 627 F.3d 752 (9th Cir. 2010), defendant is not entitled to recover any attorney's fees. *Goldberg*, however, did nothing to alter the Ninth Circuit's holding in *MRO Communications*. In fact, the *Goldberg* court specifically distinguished *MRO*

3

*Communications* on the grounds that it involved an award of attorneys' fees under Rule 54(d)(2), "which explicitly incorporates the substantive statutes under which attorneys' fees might be available, including state attorneys' fees statutes," while *Goldberg* did not. *Id.* at 757 n.7. Defendant's recovery of attorney's fees in this case is based on Rule 54(d)(2) and a Nevada offer-of-judgment statute. Neither *Goldberg* nor the cases cited by plaintiffs call into question the continued validity of *MRO Communications* or its application to this case.[1] Accordingly, defendant may recover reasonable attorney's fees subject to the court's considerations of the factors set forth in *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).

The court has the discretion to allow any or all of the offeror's attorneys' fees incurred after service of the offer. *Id.* In fashioning an award, the court must consider four factors: (1) whether the plaintiffs' claim was brought in good faith; (2) whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the

---

[1] The court notes that in *Walsh v. Kelly*, 203 F.R.D. 597 (D. Nev. 2001) it was the plaintiff – and not the defendant – who obtained a judgment. The *Walsh* court distinguished *MRO Communications* on the grounds that it involved the defendant obtaining a judgment, and as such under *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981), the federal offer-of-judgment rule (Federal Rule 68) did not apply and thus could not conflict with the state offer-of-judgment rule. The *Walsh* court then held that because in its case the plaintiff had obtained judgment – and Federal Rule 68 therefore did apply – the federal rule conflicted with the state offer-of-judgment rule and the plaintiff was not entitled to recovery thereunder. Here, the defendant obtained a judgment, so *Walsh* is inapplicable and *MRO Communications* controls. Further, while *Charyulu v. California Casualty Indemnity Exchange*, 2011 WL 2632697 (D. Nev. 2011) and *Kravitz, Schnitzer, Sloane & Johnson, Chtd. v. Asta Funding, Inc.*, 2011 WL 5190927 (D. Nev. 2011) adopted the reasoning of *Walsh*, neither discussed the impact of *MRO Communications*, which authorizes an award of attorney's fees under the facts of this case. In addition, *Kravitz* involved a prevailing plaintiff seeking attorney's fees – as in *Walsh* – and is likewise inapplicable to this case.

4

plaintiffs' decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount. *Id.*; *see also RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24, 28 (Nev. 2005).

    First, there is no evidence before the court to suggest plaintiffs' claims were not brought in good faith. Second, the defendant's' offer – made just a short time after litigation commenced (six months) and substantial in amount ($350,000) – was reasonable in both its timing and amount. Although plaintiffs sought to recover more than $4 million from defendants, $350,000 was a reasonable offer under the facts of this case where the fault for any loss by plaintiff was caused by the developer and not First Bank. The offer was also reasonable given the questionable factual basis for plaintiffs' claims. Third, for the same reasons defendant's offer was reasonable, plaintiffs' decision to reject such was grossly unreasonable. Fourth, the court finds that attorneys' fees in the amount of $217,407 for two years of litigation, including the briefing of an extensive motion for summary judgment, are reasonable. The court finds that the rates charged by defense counsel were customary for Las Vegas, that defense of this action over the course of more than two years involved a significant amount of time and labor, that this case involved a somewhat unique application of the facts to the claims asserted by plaintiffs, and that defense counsel achieved a most favorable result for its client. Finally, plaintiffs do not dispute the reasonableness or amount of the attorney's fees sought by defendant. (Pl. Opp'n 6 n.3).

For the reasons set forth above, the court grants defendant's motion for attorneys' fees in the amount of Two Hundred Seventeen Thousand Four Hundred Seven dollars.

**II. Expert Witness Fees**

Although Rule 54(d)(2) allows a party to file a motion for "attorneys' fees and other nontaxable expenses," and § 17.115(4)(d)(1) allows a court to order payment of reasonable expert witness costs, the Ninth Circuit has held that where a state offer-of-judgment statute purports to grant the right to recover expert witness fees, and the policies underlying the state statute "are sufficiently coextensive with the asserted purposes of" Federal Rule 68 "to indicate that the Federal Rule occupies the state rule's field of operation, then the two rules are in direct conflict and the Federal Rule precludes the state rule's application in federal diversity actions." *Goldberg*, 627 F.3d at 755-58 (internal punctuation omitted). While *Goldberg* involved Arizona Rule of Civil Procedure 68, an offer-of-judgment rule allowing recovery of double costs and expert witness fees, the court concludes there is no material difference between Arizona Rule 68 and Nev. Rev. Stat. § 17.115(4)(d)(1) in their purpose or application. *See Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1029 (Nev. 2006) (noting the purpose of § 17.115 is "to save time and money for the court system, the parties, and the taxpayer"); *John W. Muije, Ltd. v. A N. Las Vegas Cab Co., Inc.*, 799 P.2d 559, 561 (Nev. 1990) ("The purpose of [§] 17.115 is to promote settlement of suits by rewarding defendants who make reasonable offers and penalizing plaintiffs who refuse to accept them."). Accordingly, the court concludes that under *Goldberg*,

6

defendant may not recover its expert witness fees.[2]  Defendant's motion for expert witness fees is therefore **DENIED.**

**Conclusion**

In accordance with the foregoing, defendant's motion for attorneys' fees and expert witness fees is **GRANTED IN PART** and **DENIED IN PART.**  The motion is denied as to the request for expert witness fees, but it is granted as to the request for attorneys' fees.  Judgment shall accordingly be entered in favor of the defendant and against the plaintiffs in the amount of $217,407. The clerk of the court shall enter judgment accordingly.

IT IS SO ORDERED.

DATED: This 30th day of April, 2013.

*Howard D. McKibben*
_____
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's citation to 28 U.S.C. § 1821 and Local Rule 54-5(c) does not change this result. To recover expert witness fees in excess of $40 per day a contract, statute, or other law must authorize such a recovery. Section 17.115 does not authorize recovery in this case, and defendant has identified no other law or contract that does.

7