1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                          **DISTRICT OF NEVADA**

10

11  OAKVIEW BUILDING CONSENSUS JOINT )        2:10-cv-00117-HDM-GWF
    VENTURE, LLC, and OAKVIEW        )
12  CONSTRUCTION, INC.,              )
                                     )        ORDER
13               Plaintiffs,         )
                                     )
14  vs.                              )
                                     )
15  FIRST BANK,                      )
                                     )
16               Defendant.          )
    _____)

17

18       Before the court is the defendant First Bank's ("defendant")

19  motion for attorneys' fees and expert witness fees (#76).

20  Plaintiffs Oakview Building Consensus Joint Venture and Oakview

21  Construction ("plaintiffs") have filed their response (#82), and

22  defendant has replied (#85).

23       Plaintiffs filed their complaint in this action on January 27,

24  2010.  The complaint asserted five state law causes of action.  On

25  July 28, 2010, while discovery was ongoing and before any

26  dispositive motions had been filed, defendant made plaintiffs an

27  offer of judgment in the amount of Three Hundred Fifty Thousand

28  dollars.  The offer was made pursuant to Nevada Revised Statute §

                                     1

1  17.115 and § 18.020.  (Def. Mot. Attorney's Fees Ex. 1).

2  Plaintiffs did not accept or otherwise respond to the offer before

3  its expiration ten days later.

4      On October 23, 2012, the court granted the defendant's motion

5  for summary judgment.  Thereafter, judgment was entered in favor of

6  the defendant and against the plaintiffs.  The plaintiff did not

7  appeal the judgment.  The defendant then filed the instant motion

8  for attorneys' fees and expert witness costs.  Defendant seeks

9  attorneys' fees in the amount of $217,407, incurred from the date

10 of its offer of judgment to the date of entry of judgment, and

11 expert witness fees in the amount of $235,205.62.

12 **I. Attorneys' Fees**

13     Federal Rule of Civil Procedure 54(d)(2) sets forth the

14 procedure for obtaining an award of attorneys' fees in federal

15 court.  It does not, however, provide the substantive basis for

16 such an award.  Fees are recoverable only if there is a rule,

17 statute, or contract that authorizes such an award.  *See MRO*

18 *Commc'ns, Inc. v. Am. Tel & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir.

19 1999).

20     A motion under Rule 54(d)(2) must identify the basis for the

21 requested award, and here, defendant identifies Nevada Revised

22 Statutes § 17.115.  Section 17.115 provides that "[a]t any time

23 more than 10 days before trial, any party may serve upon one or

24 more other parties a written offer to allow judgment to be taken in

25 accordance with the terms and conditions of the offer of judgment."

26 *Id.* § 17.115(1).  If a party rejects an offer of judgment and fails

27 to obtain a more favorable judgment, the court may order that party

28 to pay the offeror's "[r]easonable attorney's fees incurred by the

2

1  [offeror] for the period from the date of service of the offer to

2  the date of entry of the judgment."  *Id.* § 17.115(4)(d)(3).

3      Where the "court is exercising its subject matter jurisdiction

4  over a state law claim," a party may recover attorneys' fees under

5  state law giving a right thereto if the law "reflects a substantial

6  policy of the state" and "does not run counter to a valid federal

7  statute or rule of court."  *See MRO Commc'ns*, 197 F.3d at 1281

8  (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S.

9  240, 259 n.31 (1975)).  The Ninth Circuit has found attorneys' fees

10  are properly awarded under Nevada's offer-of-judgment statutes and

11  rules.  *Id.*

12      The controlling case applicable to the facts of this case is

13  *MRO Communications*.  In that case, the Ninth Circuit held that a

14  prevailing defendant could recover attorney's fees incurred after a

15  rejected offer of judgment made pursuant to Nevada state law under

16  Federal Rule of Civil Procedure 54(d)(2).  *Id.*  Here, defendant

17  made an offer of judgment pursuant to Nev. Rev. Stat. § 17.115.

18  The offer pertained to all of plaintiffs' claims, which consisted

19  entirely of state law causes of action.  Defendant made its offer

20  of judgment more than ten days before trial.  Plaintiffs rejected

21  the offer but failed to obtain a more favorable judgment.

22  Accordingly, under *MRO Communications* and § 17.115, defendant may

23  recover reasonable attorney's fees.

24      Nevertheless, plaintiffs argue that under *Goldberg v. Pacific*

25  *Indemnity Company*, 627 F.3d 752 (9th Cir. 2010), defendant is not

26  entitled to recover any attorney's fees.  *Goldberg*, however, did

27  nothing to alter the Ninth Circuit's holding in *MRO Communications*.

28  In fact, the *Goldberg* court specifically distinguished *MRO*

3

1  *Communications* on the grounds that it involved an award of

2  attorneys' fees under Rule 54(d)(2), "which explicitly incorporates

3  the substantive statutes under which attorneys' fees might be

4  available, including state attorneys' fees statutes," while

5  *Goldberg* did not.  *Id.* at 757 n.7.  Defendant's recovery of

6  attorney's fees in this case is based on Rule 54(d)(2) and a Nevada

7  offer-of-judgment statute.  Neither *Goldberg* nor the cases cited by

8  plaintiffs call into question the continued validity of *MRO*

9  *Communications* or its application to this case.[1]  Accordingly,

10 defendant may recover reasonable attorney's fees subject to the

11 court's considerations of the factors set forth in *Beattie v.*

12 *Thomas*, 668 P.2d 268, 274 (Nev. 1983).

13    The court has the discretion to allow any or all of the

14 offeror's attorneys' fees incurred after service of the offer.  *Id.*

15 In fashioning an award, the court must consider four factors: (1)

16 whether the plaintiffs' claim was brought in good faith; (2)

17 whether the defendant's offer of judgment was reasonable and in

18 good faith in both its timing and amount; (3) whether the

19

20    [1] The court notes that in *Walsh v. Kelly*, 203 F.R.D. 597 (D. Nev. 2001)
it was the plaintiff – and not the defendant – who obtained a judgment.
21 The *Walsh* court distinguished *MRO Communications* on the grounds that it
involved the defendant obtaining a judgment, and as such under *Delta Air*
22 *Lines, Inc. v. August*, 450 U.S. 346, 352 (1981), the federal offer-of-
judgment rule (Federal Rule 68) did not apply and thus could not conflict
23 with the state offer-of-judgment rule. The *Walsh* court then held that
because in its case the plaintiff had obtained judgment – and Federal Rule
24 68 therefore did apply – the federal rule conflicted with the state offer-
of-judgment rule and the plaintiff was not entitled to recovery thereunder.
25 Here, the defendant obtained a judgment, so *Walsh* is inapplicable and *MRO*
*Communications* controls. Further, while *Charyulu v. California Casualty*
26 *Indemnity Exchange*, 2011 WL 2632697 (D. Nev. 2011) and *Kravitz, Schnitzer,*
*Sloane & Johnson, Chtd. v. Asta Funding, Inc.*, 2011 WL 5190927 (D. Nev.
27 2011) adopted the reasoning of *Walsh*, neither discussed the impact of *MRO*
*Communications*, which authorizes an award of attorney's fees under the facts
28 of this case.  In addition, *Kravitz* involved a prevailing plaintiff seeking
attorney's fees – as in *Walsh* – and is likewise inapplicable to this case.

4

1 plaintiffs' decision to reject the offer and proceed to trial was

2 grossly unreasonable or in bad faith; and (4) whether the fees

3 sought by the offeror are reasonable and justified in amount.  *Id.;*

4 *see also RTTC Commc'ns, LLC v. Saratoga Flier, Inc.*, 110 P.3d 24,

5 28 (Nev. 2005).

6      First, there is no evidence before the court to suggest

7 plaintiffs' claims were not brought in good faith.  Second, the

8 defendant's' offer – made just a short time after litigation

9 commenced (six months) and substantial in amount ($350,000) – was

10 reasonable in both its timing and amount.  Although plaintiffs

11 sought to recover more than $4 million from defendants, $350,000

12 was a reasonable offer under the facts of this case where the fault

13 for any loss by plaintiff was caused by the developer and not First

14 Bank.  The offer was also reasonable given the questionable factual

15 basis for plaintiffs' claims.  Third, for the same reasons

16 defendant's offer was reasonable, plaintiffs' decision to reject

17 such was grossly unreasonable.  Fourth, the court finds that

18 attorneys' fees in the amount of $217,407 for two years of

19 litigation, including the briefing of an extensive motion for

20 summary judgment, are reasonable.  The court finds that the rates

21 charged by defense counsel were customary for Las Vegas, that

22 defense of this action over the course of more than two years

23 involved a significant amount of time and labor, that this case

24 involved a somewhat unique application of the facts to the claims

25 asserted by plaintiffs, and that defense counsel achieved a most

26 favorable result for its client.  Finally, plaintiffs do not

27 dispute the reasonableness or amount of the attorney's fees sought

28 by defendant. (Pl. Opp'n 6 n.3).

1    For the reasons set forth above, the court grants defendant's

2 motion for attorneys' fees in the amount of Two Hundred Seventeen

3 Thousand Four Hundred Seven dollars.

4 **II. Expert Witness Fees**

5    Although Rule 54(d)(2) allows a party to file a motion for

6 "attorneys' fees and other nontaxable expenses," and §

7 17.115(4)(d)(1) allows a court to order payment of reasonable

8 expert witness costs, the Ninth Circuit has held that where a state

9 offer-of-judgment statute purports to grant the right to recover

10 expert witness fees, and the policies underlying the state statute

11 "are sufficiently coextensive with the asserted purposes of"

12 Federal Rule 68 "to indicate that the Federal Rule occupies the

13 state rule's field of operation, then the two rules are in direct

14 conflict and the Federal Rule precludes the state rule's

15 application in federal diversity actions." *Goldberg*, 627 F.3d at

16 755-58 (internal punctuation omitted).  While *Goldberg* involved

17 Arizona Rule of Civil Procedure 68, an offer-of-judgment rule

18 allowing recovery of double costs and expert witness fees, the

19 court concludes there is no material difference between Arizona

20 Rule 68 and Nev. Rev. Stat. § 17.115(4)(d)(1) in their purpose or

21 application.  *See Albios v. Horizon Communities, Inc.*, 132 P.3d

22 1022, 1029 (Nev. 2006) (noting the purpose of § 17.115 is "to save

23 time and money for the court system, the parties, and the

24 taxpayer"); *John W. Muije, Ltd. v. A N. Las Vegas Cab Co., Inc.*,

25 799 P.2d 559, 561 (Nev. 1990) ("The purpose of [§] 17.115 is to

26 promote settlement of suits by rewarding defendants who make

27 reasonable offers and penalizing plaintiffs who refuse to accept

28 them.").  Accordingly, the court concludes that under *Goldberg*,

6

1  defendant may not recover its expert witness fees.[2]  Defendant's

2  motion for expert witness fees is therefore **DENIED.**

3  **Conclusion**

4       In accordance with the foregoing, defendant's motion for

5  attorneys' fees and expert witness fees is **GRANTED IN PART** and

6  **DENIED IN PART.**  The motion is denied as to the request for expert

7  witness fees, but it is granted as to the request for attorneys'

8  fees.  Judgment shall accordingly be entered in favor of the

9  defendant and against the plaintiffs in the amount of $217,407.

10  The clerk of the court shall enter judgment accordingly.

11       IT IS SO ORDERED.

12       DATED: This 30th day of April, 2013.

13

14  _____
    UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26       [2] Defendant's citation to 28 U.S.C. § 1821 and Local Rule 54-5(c) does
27  not change this result. To recover expert witness fees in excess of $40 per
    day a contract, statute, or other law must authorize such a recovery.
28  Section 17.115 does not authorize recovery in this case, and defendant has
    identified no other law or contract that does.

7